COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Kristofer Thomas Kastner v. Texas Workforce Commission and
Rosehill Enterprises, L.L.C. dba Houston Admiral Services

Appellate case number:   01-13-00274-CV

Trial court case number:  2011-76848

Trial court:                 165th District Court of Harris County

Appellant, Kristofer Thomas Kastner, has filed a "Motion for Extension of Br[i]efing Deadlines" in which he asks the Court to extend his briefing deadline and allow him to proceed without prepayment of costs. He also has filed a "Request for Record" that we regard as a request to proceed without prepayment of costs. We dismiss Kastner's request to extend his briefing deadline as moot and deny his requests to proceed without prepayment of costs.

Kastner filed an affidavit of indigence for purposes of appeal in the trial court. The trial court signed an order sustaining a contest to the affidavit on April 19, 2013. On July 9, 2013, we denied Kastner's untimely motion for extension of time to file a motion challenging the trial court's order, ordered him to pay the $175 filing fee to this Court by July 19, 2013, and notified him that the appeal could be dismissed for failure to pay the fee. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent); 42.3 (allowing involuntary dismissal of case); *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. App. A § B(1) (listing fees in court of appeals). We further notified Kastner that "the rules do not allow for the filing of multiple affidavits of indigence, nor do they provide for a waiver of the costs of appeal when an appellant becomes indigent after the deadlines for paying appellate costs have passed." Kastner responded to the July 9, 2013 order, contending that he must be allowed to proceed without prepayment of costs because a second affidavit of indigence, filed on June 14, 2013, "must be deemed true[.]" On August 7, 2013, Kastner filed his motion asking the Court to extend his briefing deadline and reasserting his request to allow him to appeal without prepayment of costs.

On August 14, 2013, the Clerk of this Court notified Kastner that the court reporter responsible for preparing the record in this appeal had informed the Court that Kastner had not paid, or made arrangements to pay, for the reporter's record. The Clerk further notified Kastner

that unless he provided proof of having paid or made payment arrangements for the reporter's record by August 26, 2013, the Court might require him to file a brief and consider and decide only those issues or points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c). On August 26, 2013, Kastner filed with this Court a "Request for Record" in which he requests a reporter's record and states that "[t]he attached affidavit of inability will pay for the costs of the record." We regard this request for record as a request to proceed without prepayment of costs.

Because the record is incomplete, Kastner's brief is not yet due. *See* TEX. R. APP. P. 38.6(a) (setting appellant's briefing deadline from date appellate record is complete). Accordingly, we DISMISS Kastner's request to extend his briefing deadline as moot. We DENY his requests to proceed without prepayment of costs in his motion for extension of briefing deadlines and request for record.

Kastner has not provided the Court with a sufficient response showing that he has paid or arranged to pay the court reporter. Accordingly, the Court will consider and decide his appeal based on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Therefore, Kastner's brief is ORDERED to be filed within 30 days of the date of this order. *See* TEX. R. APP. P. 38.6(a). Appellees' briefs, if any, are ORDERED to be filed within 30 days of the filing of appellant's brief. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: /s/ <u>Justice Terry Jennings</u>
       ☑ Acting individually    ☐ Acting for the Court

Date: September 3, 2013